[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Herbert Gross appeals the decision of the Commissioner of Motor Vehicles suspending his operator's license for ninety days pursuant to General Statutes14-227b. The appeal is brought pursuant to 4-183. The court finds the issues in favor of the defendant Commissioner.
In his brief, the plaintiff raises two issues in support of his appeal to this court. At oral argument, however, he conceded the first issue relating to Department regulations and the conduct of the BAC test. The remaining argument, which is the basis of his appeal, is that he was denied due process of law at the administrative hearing in that Officer Richardson, one of the arresting officers, was not present to testify. Richardson's testimony would have been crucial, the plaintiff argues, because it would have conflicted with and impeached the testimony of Officer Champagne on the factual question of the plaintiff's operation of the vehicle. CT Page 1361
The plaintiff's due process argument cannot be sustained. The Department of Motor Vehicles was under no obligation to summon or call Officer Richardson or any other witness. However, the plaintiff was entitled to subpoena Richardson, just as he in fact did subpoena Champagne, but he neglected or chose not to do so. In short, neither the defendant Commissioner nor his hearing officer did anything to prevent the plaintiff from calling Officer Richardson, and, therefore, did not deprive the plaintiff of his due process rights.
At oral argument on this appeal, the plaintiff raised the factual issue of vehicle operation. Although this issue formed part of the plaintiff's due process argument, he did not include in his brief any precise claim that the evidence was insufficient to support the hearing officer's finding on operation. The court has examined the whole record, however, including the transcript of Officer Champagne's testimony and the plaintiff's testimony. Although there are some discrepancies, the court concludes that there was sufficient substantial evidence to support the hearing officer's finding. This includes Champagne's testimony that he found the vehicle with one wheel off the road in a yard, engine running, and the plaintiff behind the wheel. "Judicial review of the commissioner's action . . . is very restricted . . . The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency, and, if there is evidence . . . which reasonably supports the decision of the commissioner, [the court] cannot disturb the conclusion reached by him." Lawrence v. Kozlowski, 171 Conn. 705
(1976).
The plaintiff's appeal is dismissed.
Maloney, J.